

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00080-CV

_____

PARIS DIANE BROWN, Appellant

V.

KATHY KEITH, Appellee

On Appeal from the 429th District Court
Collin County, Texas
Trial Court No. 429-02071-2011

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In an unusual process, Paris Diane Brown used one lawsuit to pursue personal injury claims against Jason Crow and Kathy Keith for alleged injuries arising from two separate automobile accidents in Collin County.[1] Brown's collision with Crow occurred in July 2010, while the collision with Keith occurred in November 2010.[2] After settling with one defendant and then winning a jury verdict against the other, Brown was not awarded the court costs she sought. Brown appeals that limitation on the costs she was awarded. We affirm the trial court's judgment, because the trial court properly excluded the costs related to the previously settling defendant.

Brown settled with Crow, and the trial court entered an order dismissing with prejudice Brown's claims against him and requiring Brown and Crow to "bear their own costs." Later,[3] after Brown obtained a jury verdict against Keith, she moved for a final judgment, including $2,605.80 in court costs. Included in the requested court costs were costs relative to the claims against Crow, including a $90.00 service fee, a $175.00 "Non-Appearance Fee," and a $505.80

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Brown's second amended petition alleged that, "before Ms. Brown had recovered from the injuries sustained in the collision with Mr. Crow's vehicle, Ms. Brown was again rear-ended . . . by the negligence of Defendant driver Kathy Keith." Her third amended petition alleged that the collision with Keith's vehicle "was the proximate cause of new and aggravated physical and emotional injuries."

[3]Thereafter, Keith successfully sought leave to designate Crow as a responsible third party. Brown's answer to Keith's motion pointed out that discovery had concluded and that Brown had "removed from this case any claim for overlapping treatment and all damages associated with the Jason Crow collision." Keith's counsel explained that the responsible third-party argument was abandoned before trial, and no question related to Crow as a responsible third party was submitted to the jury.

court reporter's fee for Crow's deposition. In Brown's judgment against Keith, the trial court excluded the Crow-related costs and assessed only $1,835.00 in court costs against Keith.

"The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." TEX. R. CIV. P. 141.[4] Brown appeals the judgment on the ground that the trial court erred in the award of court costs against her without stating its reasoning on the record.

In its order dismissing the claims against the settling Crow, the trial court required Brown and Crow to bear their own costs. *See* TEX. R. CIV. P. 162. Therefore, the Crow-related costs had been disposed of previously in the Crow dismissal, and Brown's final judgment against Keith appropriately excluded such costs.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 31, 2013
Date Decided:       November 1, 2013

---

[4]Although the trial court's judgment states that all "claims for relief not expressly granted herein are denied," it does not specifically require Brown to pay court costs.